IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IBRAHAM SALTI, *et al.*, | ) | CASE NO. 17-865 |
| Plaintiffs | ) ) ) | JUDGE |
| vs. | ) ) | ***DEFENDANT FIRST GUARD INSURANCE COMPANY.'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332(A)(1), 1441(A)*** |
| FIRST GUARD INSURANCE COMPANY, | ) ) ) ) | |
| Defendant | ) ) | Hamilton County Court of Common Pleas Case No. A 1706161 |

PLEASE TAKE NOTICE that Defendant First Guard Insurance Company ("First Guard"), by and through its undersigned counsel, hereby removes this case from the Hamilton County Court of Common Pleas, to the Southern District of Ohio, Western Division. First Guard denies the allegations and damages claimed in the Complaint, and files notice without waiving any defenses, exceptions, or obligations that may exist in its favor in either state or federal court.

**TIMELINESS OF REMOVAL**

1. On November 27, 2017, Plaintiffs Ibraham Salti and Just In Time Transportations, Inc. ("Plaintiffs") filed a civil action in the Hamilton County Court of Common Pleas, entitled *Ibraham Salti, et al. v. First Guard Insurance Company* Case No. A 1706161.

2. On December 4, 2017, Plaintiffs first served First Guard with a copy of the summons and Complaint. A true and correct copy of the summons and Complaint, along with "all [remaining] process, pleadings and orders served upon" First Guard to

date while this action was pending in the Hamilton County Court of Common Pleas, is attached hereto as Exhibit A. 28 U.S.C. § 1446(a).

3. First Guard's removal notice is timely under 28 U.S.C. § 1446(b) because the removal notice is filed within thirty (30) days after service of the summons and Complaint upon First Guard on December 4, 2017.

## VENUE

4. The Hamilton County Court of Common Pleas is within the Southern District of Ohio, Western Division. 28 U.S.C. § 115(b)(1). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## DIVERSITY JURISDICTION

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441 because the action could have been filed in this Court under 28 U.S.C. § 1332(a)(1). This is a civil action in which there is complete diversity of citizenship between Plaintiffs and Defendant First Guard, and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

6. <u>Complete Diversity.</u> The diversity requirement of § 1332(a) is satisfied here because the action is between citizens of different states.

    a. The named Plaintiff Ibraham Salti is a resident and citizen of the state of Ohio. The named Plaintiff Just In Time Transportation, Inc. is an Ohio corporation with its principal place of business in the state of Ohio. (Compl. ¶¶ 1, 2.)

    b. Defendant First Guard is an insurance company incorporated in the state of Arizona and with its principal place of business in the state of Florida. (*Id.* ¶ 3.) Therefore, First Guard is a citizen of the states of Florida and Arizona. *See* 28 U.S.C. § 1332(c)(1).

7. <u>Amount in Controversy.</u> Pursuant to 28 U.S.C. § 1332(a), this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). No submission of evidence accompanying the removal notice is required. *Owens*, 135 S. Ct. at 554. First Guard avers—without admitting that it engaged in any improper conduct, that Plaintiffs' claims have any merit, or that Plaintiffs are entitled to recover from First Guard any of the relief requested—that the matter in controversy exceeds the jurisdictional minimum of $75,000.

    a. The Complaint alleges that Plaintiffs have been damaged in an amount that exceeds $40,000. (Compl. ¶29.) Plaintiffs seek that relief through claims for declaratory judgment that the loss is covered under the First Guard insurance policy and bad faith.

    b. In addition to damages for the above claims, Plaintiffs seek punitive damages. A court *must* also consider punitive damages when determining whether the jurisdictional amount is met. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Furthermore, "[d]efendant is not required to prove that the plaintiff is actually entitled to punitive damages exceeding [the jurisdictional amount] . . . . as long as 'state law at least arguably permits the type of damages claimed . . . .'" *McMahon v. Alternative Claims Service, Inc.*, 521 F. Supp. 2d 656, 661 (N.D. Ohio 2007) (citation omitted). Plaintiffs' request for punitive damages suffices to establish that the amount in controversy exceeds $75,000. *See T & W Forge, Inc. v. V & L Tool, Inc.* No. 05-CV-1637, 2005 WL 2739321, at *4 (N.D. Ohio, Oct. 24, 2005) (noting that

courts have upheld awards of punitive damages that were three times the compensatory damages sought).

   c. Additionally, Plaintiffs seek attorneys' fees. Damages arising from a bad faith insurance claim can also include attorney fees. *Estate of Millhon v. UNUM Life Ins. Co. of America*, S.D. Ohio No. 2:08-cv-652, 2009 WL 2431252, *3 (Aug. 5, 2009); *Avis Rent A Car System, LLC v. City of Dayton*, S.D. Ohio No. 3:12-cv-399, 2015 WL 5636897 *4 (Sept. 25, 2015). Even though the principal claimed under the insurance policy is less than $75,000, the addition of pleas for attorney fees to Plaintiffs' alleged damages and punitive damages solidifies that Plaintiffs' Complaint places into controversy *at least* $75,000. *See Millhon, supra.*

### NOTICE TO STATE COURT AND PLAINTIFF

 8. Counsel for First Guard certifies that pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Hamilton County Court of Common Pleas, and served on Plaintiffs promptly.

 **WHEREFORE,** Defendant First Guard, by counsel, removes the subject action from the Hamilton County Court of Common Pleas to the United States District for the Southern District of Ohio.

*/s/Frank G. Mazgaj*
Frank G. Mazgaj, Esq. (0037910)
Emily R. Yoder, Esq. (0084013)
HANNA CAMPBELL & POWELL LLP
3737 Embassy Parkway/Suite 100
Akron OH 44333
P: 330.670.7300/F: 330.670.7450
fmazgaj@hcplaw.net

Attorneys for Defendant,
First Guard Insurance Company

## ***CERTIFICATE OF SERVICE***

  Pursuant to Civil Rule 5(B)(2)(f), I hereby certify that a copy of the foregoing *Notice of Removal* has been served by electronic mail, this 28th day of December/2017, upon:

| | |
|---|---|
| James K. Ferris, Esq. (0030378) | Attorney for Plaintiffs, |
| 6124 Corbly Road | Ibraham Salti and Just In Time |
| Cincinnati OH 45230 | Transportation, Inc. |
| *JamesKF@fuse.net* | |

              */s/Frank G. Mazgaj*

Salti/First Guard
962216