COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

Ibraham Salti                                          Case No
1593 Collinsdale Avenue
Cincinnati, Ohio 45230

and                                    :          **COMPLAINT**

Just In Time Transportation, Inc       :
1593 Collinsdale Avenue
Cincinnati, Ohio 45230                 :

    Plaintiffs

vs

First Guard Insurance Company
Edmund Bill Campbell
200 Nokomis Avenue South
Venice, FL 34285

    Defendant

## PARTIES

1.    Plaintiff, Ibraham Salti ("Salti"), is an individual residing in Hamilton County

Ohio and resides at 1593 Collinsdale Avenue, Cincinnati, OH 45230.

2    Plaintiff, Just In Time Transportation, Inc ("JIT Corp."), is an Ohio corporation

whose principal place of business was 1593 Collinsdale Avenue, Cincinnati, OH 45230

3.    Defendant, First Guard Insurance Company ("First Guard"), is an insurance

company whose principal place of business is 200 Nokomis Avenue South, Venice, Florida,

34285

4    First Guard is authorized by the Ohio Department of Insurance to transact

business in the State of Ohio

5    At all times relevant to the allegations in this Complaint, First Guard transacted

business in the State of Ohio and continues to conduct business in the State of Ohio

## FACTS

6.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1-5 as if fully rewritten herein.

7.     Salti and/or JIT Corp leased a 2007 Peterbilt tractor (the "Tractor") and a 2007 Semi-trailer (the "Trailer") and were engaged in the business of over the road transportation of various non-perishable goods.

8.     At all times relevant to the allegations in this Complaint, Salti and/or JIT Corp was contracted with Supreme Auto Transport, Inc. ("Supreme") to provide services as a carrier The services provided included, inter alia, the arranging and tracking of the transportation of goods in interstate commerce and the collection and accounting of payment for such transportation  Salti and/or JIT Corp provided the driver for the trucking operation

9.     Supreme provided insurance required by 49 U.S.C. Section 13906 for the trucking operation and Salti and/or JIT Corp was required to provide all other types of insurance

10     At all times relevant to the allegations in this Complaint, Salti and/or JIT Corp were insured by First Guard.  A copy of the insurance policy issued by First Guard to Salti and/or JIT Corp is attached as Exhibit A.

11.     In early May, 2016, Salti and/or JIT Corp had its driver deliver the Tractor and Trailer to Scott Beegle's Repair Service ("Beegles") at 3225 Tate Street, Curtis Bay, Maryland, 21226, for inspection and any needed repair

12.     Beegles previously had worked on the Trailer for Salti and/or JIT.

13     On or about May 10, 2016, Beegles transported the Tractor to DH Diesel LLC, 67 Thomas Avenue, Baltimore, Maryland, 21225, for inspection and any needed repair  The Trailer

remained at Beegles   DH Diesel LLC made minor repairs to the Tractor as evidenced by the invoice attached as Exhibit B

14.   Unbeknownst to Salti and/or JIT Corp, within 2 weeks of the delivery of the Tractor and Trailer to Beegles, the Trailer was taken from Beegles.

15.   Beegles did not report the removal of the Trailer to Salti or JIT Corp

16   In June, 2016, the Tractor was moved from DH Diesel LLC to a nearby Catepillar dealer.  The Catepillar dealer informed Salti that the Tractor needed engine work in excess of $8,000 00

17.   Upon learning of the needed engine repairs to the Tractor, Salti and/or JIT Corp decided to shut down the trucking operation and sell the Tractor and Trailer "As Is"

18   In June, 2016, Salti and JIT Corp began advertising the Tractor and Trailer for sale in Truck Paper, a written and on-line publication for the sale of commercial trucks, tractors, cargo vans and trailers.  About the same time, Salti and JIT Corp listed the Tractor and Trailer for sale on Craigslist

19   On or about November 30, 2016, a prospective purchaser, traveled from Ohio  to Baltimore Maryland to look at the Tractor and Trailer.   The Trailer could not be located.

20   On December 1, 2016, a member of the Salti family traveled to Maryland and filed a police report of theft of the Trailer.  On or about the same date and time, Salti and/or JIT Corp reported the theft to First Guard and instituted a claim (the "Claim") for loss of the Trailer.

21.   On January 23, 2017, Nick Hamilton and Valentina Benjamin, investigators from Marshall Investigate Group, 416 W  Talcott Road, Park Ridge, Illinois, 60068, came to Cincinnati and took a recorded statement from Salti

22   On March 28, 2017, Frank Mazgaj, Attorney for First Guard, took a deposition

of Salti.

23　On April 21, 2017, First Guard formally denied the Claim filed by Salti and JIT Corp.

### COUNT ONE - (Declaratory Judgment)

24.　Plaintiffs incorporate by reference the allegations contained in paragraphs 1-23 as if fully rewritten herein.

25.　First Guard purports to deny the claim of Salti and/or JIT Corp on two grounds

    a)　The Trailer was left unattended for 30 or more consecutive days; and/or

    b)　Salti and/or JIT Corp failed to promptly notify First Guard of the theft of the trailer.

26.　The Trailer was stolen within 2 weeks of being delivered to Beegles for inspection

and repair and had not been unattended for 30 days

27.　The Trailer was the subject of a bailment to Beegles, and therefore, was not unattended at all

28.　In early June, 2016, Salti and/or JIT Corp made the decision to stop operating the Truck and Trailer and believed the Trailer was secure at Beegles　Likewise, Salti and/or JIT Corp believed the Truck was secure at DH Diesel LLC and subsequently the Catepillar dealer

29.　Salti and/or JIT Corp continued payments on its insurance policy to First Guard In fact, Salti is still paying First Guard for insurance on the Truck.

30.　On or about November 30, 2016, Salti and/or JIT Corp learned that the Trailer was not at Beegles. Salti and/or JIT Corp promptly filed a police report and notified First Guard of the theft of the Trailer

31. Salti and/or JIT Corp has complied with their obligations under their insurance policy with First Guard.

32. Salti and/or JIT Corp is entitled to a declaration that the loss of the Trailer is a covered loss under their insurance policy with First Guard.

<u>COUNT TWO</u> - (Bad Faith)

33. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-32 as if fully rewritten herein.

34. First Guard has a duty of good faith in the handling and payment of the Claim.

35. First Guard, from the outset, intended to deny the Claim.

36. First Guard conducted its investigation with the purpose and intent to deny the Claim.

37. First Guard failed in its duty to act in good faith in its handling and its failure to pay the Claim.

38. First Guard's denial of the Claim was and is without reasonable justification.

39. As a proximate cause of First Guard's breach of duty, Salti and/or JIT Corp has suffered loss of the Trailer in the insured amount of $40,000.00

40. As a proximate cause of First Guard's breach of duty, Salti and/or JIT Corp has incurred legal fees in amount to be shown at trial.

41 If the Court finds that the actions of First Guard in wrongfully denying the Claim are conscious, deliberate, intentional and/or exhibit hatred, ill will or a disregard of the rights of Plaintiffs under the policy, then Plaintiffs request an award of attorney fees and punitive damages.

**WHEREFORE,** Plaintiffs, Ibraham Salti and Just In Time Transportation, Inc., demand

judgment against First Guard Insurance as follows

    1        Judgment on Count One declaring that the "Claim" made by Salti and/or JIT Corp

must be allowed by First Guard, with the Court reserving jurisdiction to determine the amount to

be paid on the Claim, plus attorney fees, expenses and court costs; and

    2        Judgment on Count Two for payment of "Claim", plus attorney fees, expenses,

court costs and punitive damages.

    3.        Such other and further relief to which Plaintiffs are entitled in law or equity

 

                    /s/: James K. Ferris
                    James K. Ferris
                    OH Reg. 0030378
                    Attorney for Plaintiffs
                    6124 Corbly Rd
                    Cincinnati, OH 45230
                    (513) 231-1100, fax: 231-1004
                    Email: JamesKF@fuse.net

## TRUCKER'S INSURANCE POLICY FOR LEASE OPERATORS

### COVERAGE OPTION SECTION 1 - PHYSICAL DAMAGE

### COVERAGE OPTION SECTION 2 – NONTRUCKING LIABILITY

Selected coverage option sections for this policy are indicated in the declarations.



## The Trucker's Insurance Company ™

**FIRST GUARD INSURANCE COMPANY**
*(A Stock Company)*

Administrative Address
200 Nokomis Avenue South, 4th Floor
Venice, FL 34285

Contact Information:

| | |
|---|---|
| Sales and Service | 800-995-4827 |
| Claims | 800-441-4511 |
| Email | writeus@1stguard.com |
| Website | 1stguard.com |

Signed at First Guard Insurance Company (Florida) by its secretary and president

Edmund B. Campbell, III
SECRETARY

FORM # TIPFLOOH1

**EXHIBIT**
*A*

Courtney M. Wilson
PRESIDENT

Aug 2014

Copyright 2009 First Guard Insurance Company

# Table of Contents

|  | Page |
|---|---|
| 1.) Policy Definitions Applicable to Both Section 1 and Section 2 | 2 |
| 2.) Policy Conditions Applicable to Both Section 1 and Section 2 | 4 |
| 3.) Section 1 - Physical Damage Insurance | 6 |
| 4.) Section 2 - Nontrucking Liability Insurance | 12 |

## POLICY DEFINITIONS APPLICABLE TO SECTION 1 AND SECTION 2

A. Accident means an unforeseen and unplanned event or circumstance that causes bodily injury or property damage.

B. Bodily Injury means physical injury to the body of a person.

C. Bobtail means a truck without a trailer.

D. Deadhead means a truck with an empty trailer attached.

E. Diminution in value means the actual or perceived loss in market or resale value that results from a direct and accidental loss.

F. Insured means the person or entity protected by this insurance policy.

G. Layover means any interlude, or detour from route, that takes place away from a covered truck's primary garage location between or during load hauling assignments.

H. Loss means direct and accidental damage also theft, arson and vandalism.

I. Mobile Equipment means any equipment not solely designed and licensed for highway use. Examples: forklifts, bulldozers, air compressors, hydraulic jacks, cranes and similar type equipment.

J. Motor Carrier means a trucking company, freight broker, logistics company or any other business that uses or relies on trucks to haul property for hire.

K. Nontrucking means when a truck is:

1. subject to an active permanent lease with a motor carrier and is;
2. either bobtail or deadhead; and is
3. operating solely for personal use unrelated to any business activity.

Nontrucking does not include a truck that:

a.) is being operated for an economic or business purpose, which includes trips to service or maintenance facilities when service or maintenance is an expressed or implied requirement of a permanent lease.
b.) is being operated under the expressed or implied management, control, or dispatch (as defined by DOT regulations and case law precedents) of a motor carrier.
c.) is in a layover.
d.) is returning to the truck's primary garage location subsequent to delivering a load.
e.) is attached to a trailer loaded with property of any type.

Copyright 2009 First Guard Insurance Company

L. Permanent Lease means a written hauling agreement for duration of 30 or more consecutive days between a truck owner and a government regulated motor carrier that specifies the government regulated motor carrier shall have exclusive possession and control of the truck owner's truck. If a permanent lease is terminated we will still consider it applicable for the next twenty four (24) consecutive hours from the date and time of termination.

M. Pollutants means any substance that causes harm to the environment when it mixes with soil, water, or air.

N. Primary Garage Location means the home parking base for a truck or the terminal from which the truck customarily obtains hauling assignments.

O. Property Damage means damage to or loss of use of tangible property.

P. Self Insurance means any plan of risk retention in which a program or procedure has been established other than Insurance to meet the adverse result of a loss.

Q. Suit means a civil proceeding in which damages because of bodily injury or property damage; to which this insurance applies are alleged. Suit includes an arbitration proceeding alleging such damages to which you must submit or submit with our consent.

R. Third Party means a person or entity other than you or us.

S. Trailer means a vehicle licensed for commercial use, without motive power and with one or more axles, designed to be drawn by a truck.

T. Truck means a motor vehicle licensed for commercial use and designed and used primarily to carry property. A truck may be used to tow a trailer.

U. We, Us and Our mean the company providing the Insurance.

V. You and Your mean the person or organization shown as the insured policy holder in Item # 1 of the declarations.

TIPFLOOH1
Copyright 2009 First Guard Insurance Company

## POLICY CONDITIONS APPLICABLE TO SECTION 1 AND SECTION 2

1. Cancellation and Nonrenewal

   a.) You may cancel this policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

   b.) If a policy has been in effect for less than ninety days we may cancel the policy by mailing or (if requested by you) e-mailing you at least 10 days advance notice for nonpayment of premium or 30 days notice for all other reasons at your last address known by us. Proof of mailing or (if requested by you) e-mailing of any notice shall be sufficient proof of notice.

   c.) After a policy has been in effect for more than ninety days, we may cancel or nonrenew the policy by mailing or (if requested by you) e-mailing you at least 10 days advance notice for nonpayment of premium or 30 days advance notice for one of the following reasons:

      1. Discovery of fraud or material misrepresentation in the procurement of the insurance or with respect to any claims submitted thereunder;
      2. Discovery of a moral hazard or willful or reckless acts or omissions on the part of the named insured that increase any hazard insured against;
      3. The occurrence of a change in the individual risk which substantially increases any hazard insured against after insurance coverage has been issued or renewed, except to the extent the insurer reasonably should have foreseen the change or contemplated the risk in writing the contract;
      4. Loss of applicable reinsurance or a substantial decrease in applicable reinsurance, if the superintendent has determined that reasonable efforts have been made to prevent the loss of, or substantial decrease in, the applicable reinsurance, or to obtain replacement coverage;
      5. Failure of an insured to correct material violations of safety codes or to comply with reasonable written loss control recommendations;
      6. A determination by the superintendent of Insurance that the continuation of the policy would create a condition that would be hazardous to the policyholders or the public.

   Proof of mailing or (if requested by you) e-mailing of any notice shall be sufficient proof of notice.

   d.) The effective date of cancellation stated in the notice shall become the end of the policy period.

   e.) If this policy is cancelled, you may be entitled to a pro rata premium refund.

2. Concealment, Misrepresentation or Fraud

   Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy unless they were intentional or fraudulent or material.

TIPFLOOH1                                                    - 4 -
Copyright 2009 First Guard Insurance Company

For purposes of this condition material shall mean that we in good faith would either not have issued the policy, or would not have issued a policy in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to us.

3. Inspection

At our option we may inspect your property and operations at any time. These inspections are for our benefit only. By our making any inspection we make no representation that your property and operations are safe, not harmful to health or comply with any law, rule or regulation.

4. Changes

This policy contains all of the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us. If a change requires a premium adjustment, we will adjust the premium as of the effective date of change. If we revise this policy form to provide more coverage without additional premium charge we will automatically provide the additional coverage as of the day the revision is effective in your state.

5. Transfer of Your Rights and Duties Under This Policy

Your rights and duties under this policy may not be assigned without our written consent.

6. Bankruptcy

Bankruptcy or insolvency on your part shall not relieve us of any obligation under this policy.

7. Premiums

The first insured policy holder shown in Item # 1 of the declarations is responsible for paying the premium and unless you direct us otherwise will be the payee for any return premiums we pay.

E-FILED 11/27/2017 04:26 PM  /  CONFIRMATION 678232  /  A 1706161  /  COMMON PLEAS DIVISION  /  IFI

# SECTION 1

# Physical Damage
# Insurance

This section applies only if noted in the declarations

# Important

Section 1 **does not** provide bodily injury or property damage liability insurance and does not comply with any financial responsibility law or any requirement for no-fault or uninsured/underinsured motorist coverages. Section 1 does not offer coverage for rental trucks and rental trailers.

In return for the payment of the premium and subject to all of the terms of Section 1 we agree with you as follows:

**PART I – COVERED TRUCKS AND TRAILERS UNDER SECTION 1**

Only those trucks and trailers that you own that are scheduled and described in Item # 3 and Item # 3 Detail Section of the declarations.

**PART II – WHEN AND WHERE SECTION 1 APPLIES**

1.) When Section 1 applies:

Section 1 applies to losses that occur within the policy period shown in the declarations.

2.) Where Section 1 applies:

Section 1 applies in the United States of America, its territories or possessions, Puerto Rico, Canada and twenty-five miles into Mexico from the United States' border.

**PART III – PHYSICAL DAMAGE COVERAGE UNDER SECTION 1**

A. WHAT WE WILL PAY – SUBJECT TO EXCLUSIONS.

TIPFLOOH1
Copyright 2009 First Guard Insurance Company

- 6 -

1. We will pay for loss to covered trucks and covered trailers;

2. We will pay to tow a covered truck and or covered trailer from the scene of a covered loss to the nearest capable repair or holding facility. However this provision only applies to a covered truck and or covered trailer that is rendered inoperable for normal road use due to a covered loss. Example: If the truck is inoperable but the trailer is not damaged, only the towing costs for the truck will be covered.

B. WE WILL NOT COVER – EXCLUSIONS.

Section 1 does not apply to:

1. Wear and tear, freezing, mechanical or electrical breakdown.

2. Blowouts, punctures or other road damage to tires.

3. Loss caused by declared or undeclared war or insurrection or any of their consequences.

4. Loss caused by the explosion of a nuclear weapon or its consequences.

5. Loss to personal property (some examples – laptop computers, software and data, cell phones, microwave ovens, CB radios, tools, TV's, CD and video players) not permanently installed and mounted in a covered truck.

6. Loss to unattached load securing accessories (examples – side kits, chains, tarps, stakes, binders, straps, ramps).

7. Loss to fuel or fluids.

8. Loss caused due to actions by or at the direction of you, your officers or employees or anyone on your behalf committed with the intent to cause a loss.

9. Loss caused by conversion, embezzlement or secretion by any person who had obtained lawful possession from you, or someone on your behalf.

10. Loss caused by radioactive, biological, (including decomposed humans or animals) or chemical contamination.

11. Loss due to diminution in value.

12. Loss caused by fungus or mold.

13. Loss that results from loads that exceed a covered trailer's load/weight specifications.

14. Loss if a covered truck or trailer is left unattended for 30 or more consecutive days. For purposes of this exclusion unattended means a truck or trailer that has not been operated, inspected or serviced by you or someone on your behalf.

15. Loss caused due to operating a covered truck or covered trailer on frozen waterways.

C. THE MOST WE WILL PAY.

1. At our option we may

   a. Pay to repair a damaged truck and or trailer.

   b. Pay to replace a damaged or stolen truck and or trailer.

2. The most we will pay for loss is the lesser of the following amounts minus any applicable deductible shown in the declarations (Item # 3 Detail Section).

   a. The cost of repairing the damaged truck and or trailer with parts of like kind or quality. If the parts used in a repair are superior to the parts damaged in a loss we may deduct an appropriate allowance for betterment.

   b. The actual cash value of the damaged or stolen truck and or trailer at the time of loss.

   c. The stated limit of liability, as shown in the declarations (Item # 3 Detail Section).

3. The deductible amount stated in the declarations (Item # 3 Detail Section) will apply separately to each loss. Only one deductible will apply if a trailer is attached to a truck and both units incur damage from the same loss.

   No deductible shall apply for a covered loss caused by colliding with an animal if at the time of loss the covered truck has a mounted steel or aluminum grill guard designed to protect the front side of the covered truck similar in design and functionality to the grill guard shown below.



TIPFLOOH1                                    - 8 -
Copyright 2009 First Guard Insurance Company

E-FILED 11/27/2017 04:26 PM  /  CONFIRMATION 678232  /  A 1706161  /  COMMON PLEAS DIVISION  /  IFI

## PART IV — CONDITIONS SPECIFIC TO SECTION 1

The insurance provided by Section 1 is subject to the following additional conditions.

1. YOUR DUTIES AFTER LOSS

   a. You must promptly notify us of any loss. You must tell us how, when and where the loss happened. You must assist in obtaining the names and addresses of any witnesses, and cooperate with us In all manners relating to our investigation of any loss.

   b. Additionally, you must:
      i. Not, except at your own cost, voluntarily make any payment, assume any obligation or incur any expense.
      ii. Permit us to inspect and appraise damages to a covered truck and or trailer before its repair or disposition.
      iii. Do what is reasonably necessary after loss at our expense to protect the covered truck and or covered trailer from further loss.
      iv. Promptly notify the police if the covered truck and or covered trailer or any of its equipment is stolen or vandalized. You must cooperate fully with all law enforcement agencies investigating a loss.
      v. As often as we may require, submit to examinations under oath by any person named by us and sign the transcript of the examinations.

2. OTHER INSURANCE

   For any covered truck or covered trailer you own Section 1 provides primary insurance. For any covered truck or covered trailer you do not own Section 1 provides excess insurance over other collectible insurance. When two or more insurers cover a loss on the same basis, we will pay only our share. Our share is the proportion that the limit of our Section 1 bears to the total limits of all the policies covering on the same basis.

3. OUR RIGHT TO RECOVER FROM OTHERS

   If we make any payment, we are entitled to recover what we paid from other parties responsible for the loss. Any person whom we pay for loss must transfer to us his or her rights of recovery against any other party and cooperate with us in our pursuit of such rights.

4. LEGAL ACTION AGAINST US

   No one may bring a legal action against us under this policy unless there has been full compliance with all of the terms of this policy.

TIPFLOOH1                                    - 9 -
Copyright 2009 First Guard Insurance Company

5. NO ABANDONMENT

> You may not abandon any covered truck or covered trailer or damaged property to us.

6. NO BENEFIT TO BAILEE

> We will not recognize any assignment nor grant any coverage for the benefit of any person or organization holding, servicing, storing or transporting a covered truck or covered trailer for a fee regardless of any other provision of Section 1.

7. APPRAISAL

> a. If you and we fail to agree as to the amount of loss either may demand an appraisal of the loss. In such event, you and we shall each select a competent and disinterested appraiser. The appraisers shall state separately the actual cash value of the covered truck and or covered trailer involved in the loss, and failing to agree, shall submit their differences to an umpire selected by agreement of the appraisers. An award in writing of any two shall determine the amount of loss. You and we will each pay our own appraiser and equally pay the umpire and all other expenses of the appraisal.

> b. We shall not be held to have waived any of our rights by any act relating to appraisal.

TIPFLOOH1
Copyright 2009 First Guard Insurance Company

– 10 –

## 8. LOSS PAYABLE CLAUSE – LENDER'S RIGHTS AND DUTIES

Payment under Section 1 for loss or damage will be to the insured, and the loss payee named in the declarations page (Item # 3 Detail Section) as their interest may appear.

The loss payee's interest will not be protected when:

1) The insured causes damage intentionally or if the insured commits fraud or deception when securing coverage or reporting a claim; or

2) The insured commits an act of embezzlement, conversion, or secretion to the scheduled vehicle(s) shown in the declarations (Item #3 detail Section); or

3) Any loss or damage is caused by, or is expected to result from, a criminal act or omission of the insured, other than traffic violations, regardless if the insured is actually charged with or convicted of a crime.

The loss payee must tell us of any change in ownership or increase in hazard about which the loss payee has knowledge.

We reserve the right to terminate the policy at any time according to its terms. If we choose to terminate the policy, we will give the loss payee at least 10 days notice of the date termination will take effect as to the loss payee's interest. If we choose to terminate the provisions of this "Loss Payee Clause" we will also give the loss payee 10 days notice of such termination.

If we are required to pay the loss payee for loss or damage for which we would not have been required to pay the insured policy holder we are entitled to a full or partial assignment (whichever the case may be) of the loss payee's rights as set forth in the security instrument. At our option, we may pay the loss payee's unpaid balance and receive a full assignment and transfer of the mortgage or other security agreement and all other securities with respect to the loan transaction. In no event will our right to recover payment impair the right of the loss payee to recover the entire amount of its claim.

Where a payment of any nature becomes due under this policy, we may but are not obligated to, make separate payments to each party at interest provided that we protect the interests of all parties. If first named insured is paid in full for a loss, we have no obligation to pay the loss payee.

# SECTION 2

# Nontrucking Liability Insurance

### This section applies only if noted in the declarations

# Important

**Section 2 does not afford full-time protection. It applies only to nontrucking use of the insured's covered trucks.**

In return for the payment of the premium and subject to all the terms of Section 2 we agree with you as follows:

**PART I – COVERED TRUCKS UNDER SECTION 2**

Only those trucks that you own that are scheduled and described in Item # 3 and Item # 3 Detail Section of the declarations. Any trailer while attached to a scheduled and described truck in Item # 3 and Item # 3 Detail Section is also covered. No coverage will be afforded where any such truck or trailer is in the custody of, or is being operated by, any individual who is not an Insured under the policy.

**PART II – WHEN AND WHERE SECTION 2 APPLIES**

1.) When Section 2 applies:

Section 2 does not afford full time protection. Section 2 only applies to losses that occur within the policy period shown in the declarations when a covered truck is nontrucking.

2.) Where Section 2 applies:

Section 2 applies in the United States of America, its territories or possessions, Puerto Rico and Canada.

TIPFLOOH1                                       – 12 –
Copyright 2009 First Guard Insurance Company

## PART III – NON TRUCKING LIABILITY COVERAGE UNDER SECTION 2

A. WHAT WE WILL PAY – SUBJECT TO EXCLUSIONS.

When coverage under Section 2 applies to an accident involving a covered truck we will pay all sums an insured is legally responsible to pay as damages for causing bodily injury and or property damage to a third party.

We have the right and duty to defend any insured against a suit asking for such damages. However, we have no duty to defend any insured against a suit seeking damages for bodily injury or property damage to which Section 2 does not apply. We may investigate and settle any claim or suit as we consider appropriate. Our duty to defend or settle ends when the liability coverage limit stated in the declarations has been exhausted by payment of judgments or settlements.

1. Who Is An Insured?

The following are insured's:

a. You.

b. Any scheduled driver shown in the declarations.

c. Anyone else while driving a covered truck with your permission.

An insured does not include anyone working in the business of repairing, servicing, towing or storing trucks and or trailers.

2. Coverage Extensions

In addition to the limit of insurance, we will pay for the insured:

a All expenses we incur.

b. All reasonable expenses incurred by the insured at our request or approval, including actual loss of earnings up to $250 a day because of time off from work.

c. All interest on the full amount of any judgment that accrues after entry of the judgment in any suit against the insured we defend, but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our limit of insurance.

d. Regarding prejudgment interest, if we make a settlement offer that is subsequently accepted prior to an entry of judgment, we will not pay interest based on that period of time after the offer was made.

3. Minimum Conformance Provision

   If any limitation of this coverage under the policy is held to be void and unenforceable by reason of the financial responsibility laws of any jurisdiction the most we shall pay shall not exceed the minimum limits allowed by such jurisdiction.

B.  WE WILL NOT COVER -- EXCLUSIONS

   1.  Motor Carriers

   2.  Handling or Loading or Unloading of People or Property

      Bodily injury or property damage arising out of the handling or loading or unloading of people or property.

   3.  Expected or Intended Injury

      Bodily injury or property damage expected or intended from the standpoint of the insured.

   4.  Contractual

      Liability assumed under any contract or agreement unless liability coverage under this policy would apply in the absence of such contract or agreement.

   5.  Workers' Compensation

      Any obligation for which the insured or the insured's insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

   6.  Employee Indemnification and Employer's Liability

      Bodily injury to any employee of the insured or the spouse, child, parent, brother or sister of such employee, which occurs while such employee is driving a covered truck.

      This exclusion applies:

      a. Whether the insured may be liable as an employer or in any other capacity; and

      b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

   7.  Fellow Employee

      Bodily Injury to any fellow employee of the insured arising out of and in the course of the fellow employee's driving a covered truck.

TIPFLOOH1                          - 14 -
Copyright 2009 First Guard Insurance Company

8. Care, Custody or Control

Property damage involving property owned or transported by the insured or in the insured's care, custody or control.

9. Operation of Mobile Equipment

Bodily injury or property damage arising out of the operation of any mobile equipment.

10. Completed Operations

Bodily injury or property damage arising out of your work after that work has been completed or abandoned.

In this exclusion, your work means:

a. Work or operations performed by you or on your behalf; and
b. Materials, parts or equipment furnished in connection with such work or operations.

Your work includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in Paragraphs a. or b. above.

Your work will be deemed completed at the earliest of the following times:

(1) When all of the work called for in your contract has been completed.
(2) When all of the work to be done at the site has been completed if your contract calls for work at more than one site.
(3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

11. Pollution

Bodily injury or property damage or clean up costs arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:

However, the preceding paragraph does not apply to fuels, lubricants, fluids, other similar pollutants that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered truck or its parts, if:

(a) The pollutants escape, seep, migrate, or are discharged, dispersed or released directly from a truck part contained in a covered truck that is

TIPFLOOH1                                                    - 15 -
Copyright 2009 First Guard Insurance Company

designed by its manufacturer to hold, store, receive or dispose of such pollutants; and

(b) The discharge, dispersal, seepage, migration, release or escape of the pollutants is caused directly by the upset overturn or damage to a covered truck or attached trailer.

12. War

Bodily injury or property damage due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution.

13. Parades, Races, Contests

Any covered truck or attached trailer while being operated, maintained or used in any parade, race, speed or pulling event or contest. Section 2 also does not apply to road testing of any covered truck modified for speed purposes including driving to and from a race or speed event or contest.

14. Frozen Waterways

Any covered truck or attached trailer while being operated on a frozen waterway.

15. Nuclear and Radioactive

Bodily injury or property damage caused by any form of nuclear or radioactive contamination or exposure.

16. Punitive Damages

Any punitive damage award made by court, mediator, state or agency within the United States.

C. LIMIT OF INSURANCE – THE MOST WE WILL PAY.

The most we will pay for the total of all damages resulting from any one accident is the limit of insurance for nontrucking liability coverage shown in the declarations (Item # 3 Detail Section) for a single covered truck.

All bodily injury and property damage resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one accident.

To the extent that coverage only applies under Section 2, Part III, 3 "Minimum Conformance Provisions" then the most we will pay is the minimum amount required by the financial responsibility laws of such jurisdiction, and then only after all other valid and collectible insurance available to the insured policy holder, or which would

be available to the Insured policy holder in the absence of Section 2, has been exhausted.

Copyright 2009 First Guard Insurance Company

# PART IV – CONDITIONS SPECIFIC TO SECTION 2

The insurance provided by Section 2 is subject to the following additional conditions:

1. YOUR DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS

    a. In the event of accident, claim, suit or loss, you must notify us promptly of the accident or loss including:

       (1) How, when and where the accident or loss occurred;

       (2) To the extent possible, the names and addresses of any injured persons and witnesses.

    b. Additionally, you and any other involved insured's must:

       (1) Assume no obligation, make no payment or incur no expense without our consent, except at the insured's own cost.

       (2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or suit.

       (3) Cooperate with us in the investigation or settlement of the claim or defense against the suit.

       (4) Authorize us to obtain medical records or other pertinent information.

       (5) Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.

2. TWO OR MORE COVERAGE FORMS OR POLICIES

    If Section 2 and any other coverage form or policy issued to you by us apply to the same accident, the aggregate maximum limit of insurance under all the coverage forms or policies shall not exceed the highest applicable limit of insurance under any one coverage form or policy.

3. OTHER INSURANCE

    a. For any covered truck, the insurance provided by Section 2 is primary insurance. However, while a trailer is connected to a covered truck, the nontrucking liability coverage Section 2 provides for the trailer is.

       (1) Excess while it is connected to a truck you do not own.

       (2) Primary while it is connected to a covered truck you own.

    b. When Section 2 and any other coverage from, policy or self-insurance covers on the same basis, either excess or primary, we will pay only our

share. Our share is the proportion that the limit of insurance of Section 2 bears to the total of the limits of all the coverage forms, policies or self-insurance covering on the same basis.

### 4. LEGAL ACTION AGAINST US

No one may bring a legal action against us under this policy unless there has been full compliance with all of the terms of this policy.

No one may bring a legal action against us under this policy unless it has been determined that the insured has a legal obligation to pay (and/or) until the amount of that obligation has been finally determined by a judgment after an actual trial.

No one has the right under this policy to bring us into an action to determine the insured's liability.

### PART V – UNINSURED/UNDERINSURED MOTORIST COVERAGE AND PERSONAL INJURY PROTECTION (NO FAULT) NOT COVERED

Unless amended by endorsement Section 2 does not include any uninsured and or under-insured motorist coverage and or personal injury protection (No-fault) coverage. If by law Section 2 is deemed to include uninsured and or underinsured motorist coverage and or personal injury protection (no fault) coverage then, the limits of such coverage shall not exceed the minimum required by law and shall in such event be excess to any and all other valid and collectible insurance available to the insured.

No one will be entitled to receive duplicate payments for the same elements of loss under this coverage form and any uninsured motorists coverage endorsement and or underinsured motorists coverage and or any personal injury protection (no fault) coverage endorsement attached to this coverage part.

TIPFLOOH1                                              - 19 -
Copyright 2009 First Guard Insurance Company

**D H Diesel LLC**

67 Thomas Avenue

Phone: 410-789-0080
Fax:    410-789-0082

# INVOICE

| Date | Invoice # |
|------|-----------|
| 5/13/2016 | 5542 |

**Bill To**

Mike Saiti
1593 Collinsdale Avenue
Cincinnati, OH 45230

| Start Date | Unit Number | Mileage | Terms | Vin Number |
|------------|-------------|---------|-------|------------|
| 5/13/2016 | | 817,250 | Due on receipt | 7D679892 |

| Item | Description | Qty | Amount |
|------|-------------|-----|--------|
| Labor | Job 1: Engine running rough, possible injector | 4 | 404.00 |
| | Do cylinder cutout and found #6 not firing. Remove valve cover, intake actuators, rockers and wiring harness. R/R injector, assemble, adjust valves and actuator on #6. Program injector. Test run and still here miss with smoke for first 5 minutes. When performing cylinder cutout can't tell if any other cylinders are missing but smoke stops when #1 is cutout. Remove valve cover on #1, actuator, rockers and switch #1 and #2 injectors, adjust and assemble. Did not change, smoke still coming from #1 until temp comes up a little bit. Also, truck shut down in the middle of the yard, found ECM ground at batteries loose and cables not clean and tight. Cut insulation off of positive cables for good contact and clean and install ground correctly. Deliver truck to Alban Cat for possible warranty. | | |
| 10RJ273 | Injector | 1 | 677.33T |
| 095084 | Non-Chlorinated Brakleen (CRC Green) | 1 | 5.76T |

| | |
|--|--|
| **Subtotal** | $1,087.09 |
| **Sales Tax  (6.0%)** | $40.99 |
| **Total** | $1,128.08 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $1,128.08 |

EXHIBIT
B